IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devon E. Phillips,<br><br>    Petitioner,<br><br>v.<br><br>State of Arizona, et al.,<br><br>    Respondents. | No. CV-14-2809-PHX-GMS (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:**

  Pending before the Court is Devon E. Phillips' ("Petitioner") Amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Amended Petition") (Doc. 14). Respondents have answered (Doc. 19). Petitioner has not replied. The matter is deemed ripe for consideration.

  As detailed herein, the Amended Petition does not raise a colorable claim for habeas relief. It is therefore recommended that the Amended Petition be denied and dismissed with prejudice.

## I. BACKGROUND

  The Amended Petition challenges Petitioner's convictions and sentences in two consolidated Maricopa County Superior Court cases (Case Nos. CR2008-162530-003 and

CR2010-119630-001). On October 10, 2008, the Maricopa County Grand Jury indicted Petitioner on one count of conspiracy to commit possession of marijuana for sale, a class two felony, in Case No. CR2008-162530-003. (Doc. 19-1 at 18-20). On April 28, 2010, the State filed an information charging Petitioner on one count of possession of marijuana for sale, a class two felony, in Case No. CR2010-119630-001. (*Id*. at 15-16). Petitioner waived his right to a preliminary hearing.[1] (*Id*. at 14). On June 22, 2010, Petitioner agreed to plead guilty in each case to the amended count of attempted possession of marijuana for sale, a class three felony. (*Id*. at 23-29). At the change of plea hearing held the same date, Petitioner entered his guilty pleas, which the trial court accepted. (*Id*. at 31, 38-39). On August 18, 2010, the trial court sentenced Petitioner to two concurrent prison terms of 5.5 years. (*Id*. at 42, 56, 61-67).

On October 6, 2010, Petitioner filed a Notice of and Petition for Post-Conviction Relief ("PCR") in the trial court. (*Id*. at 70-77). The trial court appointed Petitioner counsel, who could not find a colorable PCR claim. (*Id*. at 79-81; 83-87). On October 18, 2012, the trial court denied Petitioner's pro se PCR Petition after finding that Petitioner did not provide "sufficient facts to support a finding that he has shown a colorable claim." (*Id*. at 89). Petitioner petitioned the Arizona Court of Appeals for review of the trial court's ruling. On March 18, 2014, the Arizona Court of Appeals granted review, but denied relief. (*Id*. at 94-95).

On December 21, 2012, Petitioner filed in the trial court a "Petition for Writ of Habeas Corpus," which alleged that the plea agreement was invalid and that he was denied due process. (*Id*. at 91). The trial court construed the filing as an untimely PCR Notice. (*Id*.). The trial court found that Petitioner's claims could not be raised in an untimely or successive PCR proceeding pursuant to Ariz. R. Crim. P. 32.4(a) and dismissed the PCR Notice. (*Id*.). On May 16, 2014, the Arizona Court of Appeals granted Petitioner's request for review, but denied relief. (*Id*. at 99-100).

---

[1] The State of Arizona's Constitution requires a preliminary hearing only when a person is prosecuted for a felony by information rather than indictment. ARIZ. CONST. ART. 2, § 30.

On December 29, 2014, Petitioner initiated this federal habeas action by filing an entirely handwritten document (Doc. 1). On August 26, 2015, Petitioner filed the Amended Petition (Doc. 14) pursuant to the Court's Order (Doc. 8) requiring Petitioner to use the court-approved form for Petitions for Writ of Habeas Corpus. On September 4, 2015, the Court required Respondents to answer the Amended Petition and referred the matter to the undersigned for a Report and Recommendation. (Doc. 15).

## II. DISCUSSION

Respondents do not challenge the timeliness of this habeas proceeding and assert that "[b]ecause the relevant portions of the state-court record demonstrate that his claims are meritless on their face, the question of exhaustion is moot." (Doc. 19 at 8). As discussed below, the Amended Petition (Doc. 14) does not raise a colorable federal habeas claim. The undersigned therefore has not reached the question of whether Petitioner has exhausted his state remedies with respect to his federal habeas claims. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) ("[A] federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim."); *Miller v. Mullin*, 354 F.3d 1288, 1297 (10th Cir. 2004) (in the interest of judicial economy, choosing not to address issues of whether habeas claims were procedurally barred "because the case may be more easily and succinctly affirmed on the merits"); *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) (seeing no need to "belabor" the "difficult question" of a procedural bar when the claim was easily resolvable against the petitioner on the merits).

### A. Petitioner's Statements in Grounds One and Three that he is Missing Portions of the State Record Do Not Present Cognizable Habeas Claims

In Ground One of the Amended Petition, Petitioner states that he "hereby request[s] the June 22, 2010 change of plea transcript." (Doc. 14 at 9). Petitioner's request is moot as Respondents have provided a copy of the transcript with their Answer.

(Doc. 19-1 at 31-40). Petitioner also states: "email from PCR counsel stating file receive [sic] from [defense] counsel was incomplete, also letter from PCR counsel requesting transcripts from clerk of the court that was never receiver [sic]." (Doc. 14 at 9). To the extent that Petitioner intended this statement to be a separate ground for relief, it is not a cognizable federal habeas claim. *See Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) (per curiam) (finding allegations of error in state post-conviction review process non-cognizable).[2]

In Ground Three, Petitioner states that "on August 24, 2011 Petitioner filed a Notice of Clarification with the Superior Court pertaining to the missing pages to the Application for order of forfeiture. Petitioner still til this day date [sic] receive remaining documents." (Doc. 14 at 11). The undersigned does not find that this statement presents a cognizable federal habeas claim as it does not allege that Petitioner is in custody in violation of federal law. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (stating that federal law "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States'") (quoting 28 U.S.C. § 2254(a)).

**B. Grounds One through Three Raise Challenges to Petitioner's Guilty Pleas**

In Ground One of the Petition, Petitioner alleges that he "never plea [sic] guilty." (Doc. 14 at 9). In Ground Two, Petitioner alleges that the "[p]lea agreement was illegally and unconstitutional [sic] obtained." (*Id*. at 10). Petitioner also alleges that the trial court "failed to address the Petitioner personally in open court and determine that Petitioner wishes to forego the constitutional right of which he has been advised." (*Id*.). In Grounds Two and Three, Petitioner denies that he was "afforded the benefit of a group advisement." (*Id*. at 10-11). The undersigned liberally construes the above claims as alleging that Petitioner's guilty pleas were not knowingly, intelligently, and voluntarily

---

[2] Similarly, Petitioner's statement on a handwritten page attached to the Amended Petition (Doc. 14 at 6) that alleges the ineffective assistance of PCR counsel is not a cognizable habeas claim. 28 U.S.C. § 2254(i) ("[T]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254.").

entered.

At the June 22, 2012 change of plea hearing, the trial court gave a group advisement to multiple defendants regarding the possible penalties, consequences, and rights that are waived by entering a guilty plea. The trial court advised the group that:

> In order to accept the benefits of the Plea Agreement, you need to give up your right to go to trial. If the matter proceeds to trial, you would have the following rights: You would have the right to have a lawyer present at all of the proceedings. You'd have the right to confront and cross-examine the witnesses called by the State of Arizona. You would have a right to call witnesses on your own behalf, and the court would issue subpoenas to compel the attendance of those witnesses. You could present evidence and testify if you chose to do so. However, no one could compel you to testify. You could insist upon the privilege against self-incrimination.
>  A jury decides whether you're guilty or not guilty. The jury also determines whether there exists any aggravating factors that the judge would use in sentencing you. The jury could not find you guilty unless the State proved you guilty beyond a reasonable doubt.
>  If you are found guilty at trial, you would have a statutory right to appeal the conviction to the court of appeals.
>  When you plead guilty, you'll be giving up those rights.
>  That will be the end of the group advisement.

(Doc. 19-1 at 34-35).

After the group advisement, the trial judge called Petitioner's cases. (*Id.* at 35). The judge asked Petitioner "You were here for the group advisement, were you not?" (*Id.* at 36). Petitioner answered "Yes, I was."[3] (*Id.*). The judge then asked "Do I need to repeat it at this time?" Petitioner answered "No, Your Honor." (*Id.* at 37). The judge confirmed with Petitioner that he agreed to plead guilty to attempted marijuana

---

[3] In his March 9, 2016 filing (Doc. 25 at 2), Petitioner asserts that "the group admonishment was directed to other defendants, but not him. The State of Arizona has still failed to present a record of any admonishments directed personally to Petitioner and the record supplied by Respondent is not that record." The change of plea transcript belies Petitioner's assertion. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

for sale, a class three felony, in each case and would be sentenced to concurrent prison terms of at least three and a half years. (*Id*. at 36, 38).

The judge advised Petitioner that a class three felony "carries the presumptive term of three and a half years, a minimum term of two and a half years, and a maximum term of seven years." (*Id*. at 36). Petitioner confirmed that he understood the range of possible penalties. (*Id*.). Petitioner also confirmed that he read the plea agreements, initialed each of the boxes on the agreements, and signed them. (*Id*. at 37-38). Petitioner confirmed that his attorney explained the plea agreements and answered all of Petitioner's questions. (*Id*. at 37). Finally, Petitioner denied that anyone forced or threatened him into pleading guilty or that anyone made certain promises not contained in the plea agreements. (*Id*. at 37-38). Petitioner also denied taking any drugs or alcohol before the change of plea hearing. (*Id*. at 37).

After completing the plea colloquy, the trial judge asked Petitioner if he wished to give up the rights that had been explained and plead guilty. (*Id*. at 38). Petitioner stated that he did and pled guilty in each case to attempted possession of marijuana for sale. (*Id*. at 38-39). Petitioner's defense counsel then provided to the trial court the factual basis for Petitioner's guilty pleas, which Petitioner confirmed was accurate. (*Id*. at 39).

Based on Petitioner's statements at the change of plea hearing, the undersigned finds that Petitioner knowingly, intelligently, and voluntarily pled guilty to the offenses set forth in the plea agreements. *See United States v. Ross*, 511 F.3d 1233, 1236-37 (9th Cir. 2008) (a defendant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary); *Blackledge*, 431 U.S. at 74; *United States v. Kaczynski*, 239 F.3d 1108, 1115 (9th Cir. 2001) (giving "substantial weight" to defendant's in-court statements). It is recommended that the Court deny Petitioner's challenges to his guilty pleas that are raised in Grounds One through Three.

**C. Certain Claims Raised in Grounds One, Two, and Four are Not Cognizable Federal Habeas Claims and are Also Foreclosed By Petitioner's Guilty Pleas**

**1. Legal Standards**

A guilty plea made knowingly, intelligently, and voluntarily generally forecloses federal habeas review of allegations of pre-plea constitutional violations. *Hudson v. Moran*, 760 F.2d 1027, 1029-30 (9th Cir. 1985); *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir. 1997) (an unconditional guilty plea "cures all antecedent constitutional defects"). "This rule is predicated on the idea that a valid guilty plea 'removes the issue of factual guilt from the case.'" *Lemke v. Ryan*, 719 F.3d 1093, 1097 (9th Cir. 2013) (quoting *Menna v. New York*, 423 U.S. 61, 63 n.2 (1975)). Moreover, as explained by the U.S. Supreme Court in *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), "a guilty plea represents a break in the chain of events which has preceded it in the criminal process."

A knowing, intelligent, and voluntary guilty plea, however, does not foreclose all pre-plea constitutional violations. The U.S. Supreme Court clarified that:

> [n]either *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235, nor our earlier cases on which it relied . . . stand for the proposition that counseled guilty pleas inevitably "waive" all antecedent constitutional violations. However in *Tollett* we emphasized that waiver was not the basic ingredient of this line of cases, *id*., 411 U.S. at 266, 93 S.Ct., at 1607. The point of these cases is that a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. **A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established**.

*Menna*, 423 U.S. at 63 n.2 (emphasis added).

The Ninth Circuit has thus held that the general rule that a guilty plea forecloses pre-plea claims does not apply "when the defect in question is a 'jurisdictional' one. . . .

which, judged on the face of the indictment and record, the charge in question is one which the state may not constitutionally prosecute." *United States v. Johnston*, 199 F.3d 1015, 1020 n.3 (9th Cir. 1999) (citing *United States v. Broce*, 488 U.S. 563, 574-76 (1989)); *see also United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1994) (per curiam) (guilty plea precludes all non-jurisdictional defect claims).  For ease of reference and in accordance with nomenclature used by the Ninth Circuit,[4] this Report and Recommendation refers to the exception in the preceding sentence as the "Jurisdictional Claim Exception."  Although the Ninth Circuit has recognized that it is not entirely clear what claims satisfy the Jurisdictional Claim Exception, it has held that the Jurisdictional Claim Exception applies "to claims that the statute is facially unconstitutional; or that the indictment failed to state a valid claim; or vindictive prosecution; or possibly selective prosecution." *Johnston*, 199 F.3d at 1020 n.3.

### 2. Analysis

In Ground One of the Amended Petition, Petitioner states that he "was taken into custody for possession of marijuana April 13, 2010, an indictment was never handed down by the state nor was any beleive [sic] to be file [sic] by the state." (Doc. 14 at 9). As detailed previously, Petitioner was charged by an October 10, 2008 indictment in Case No. CR2008-162530-003 and by an April 28, 2010 information in Case No. CR2010-119630-001. (Doc. 19-1 at 15-20).  The undersigned liberally construes the above claim presented in Ground One as alleging that Petitioner had a right to be charged by an indictment in Case No. CR2010-119630-001 rather than by an information.  However, this is not a cognizable federal habeas claim as state defendants do not have a federal right to be prosecuted by indictment. *See Francis v. Henderson*, 425 U.S. 536, 546 n.1 (1976) (holding that "the Fifth Amendment's provision for presentment or indictment by grand jury has not been extended against the States"); *Jeffries v. Blodgett*, 5 F.3d 1180,

---

[4] In *United States v. Cortez*, 973 F.2d 764, 767 (9th Cir. 1992), the Ninth Circuit used the phrase "jurisdictional claim exception" in explaining the Supreme Court case *Broce*.

1188 (9th Cir. 1993) (an "[i]ndictment by grand jury is not part of the due process guarantees of the Fourteenth Amendment that apply to state criminal defendants"). Further, Petitioner's claim does not fit within the Jurisdictional Claim Exception and therefore has been waived by Petitioner's guilty pleas.

In Grounds Two and Four, Petitioner alleges that he did not receive a preliminary hearing. (Doc. 14 at 10). This is not a cognizable federal habeas claim as it does not allege that he is in custody in violation of federal law. Indeed, the "Federal Constitution does not secure to a state court defendant a right to a preliminary hearing." *Ramirez v. State of Ariz.*, 437 F.2d 119, 119 (9th Cir. 1971); *see also Howard v. Cupp*, 747 F.2d 510 (9th Cir. 1984) (holding that habeas petitioner's federal rights were not violated when he was indicted without a preliminary hearing in accordance with the State of Oregon's criminal rules, stating that it "is well settled" "there is no fundamental right to a preliminary hearing"); *Peterson v. California*, 604 F.3d 1166, 1169 (9th Cir. 2010) ("the preliminary hearing itself is not constitutionally required"). Moreover, because Petitioner's claim does not fit within the Jurisdictional Claim Exception, it has been waived by Petitioner's guilty pleas.

In Ground Four, Petitioner alleges that he did not receive a "Donald hearing"[5] or a settlement conference. (Doc. 14 at 12). Petitioner does not have a federal right to a *Donald* hearing or a settlement conference. To the extent that Petitioner is seeking habeas relief on the basis that he did not receive a *Donald* hearing or settlement conference, the claim is not cognizable in this proceeding. Moreover, because Petitioner's claim does not fit within the Jurisdictional Claim Exception, it has been waived by Petitioner's guilty pleas.

---

[5] A *Donald* hearing, named after *State v. Donald*, 10 P.3d 1193 (Ariz. Ct. App. 2000), is a proceeding similar to a settlement conference. Hon. R.L. Gottsfield and Bob James, *Criminal Settlement Conferences on Demand-Worth It?*, 97 JUDICATURE 292, 293 n.8 (May-June 2014). "In effect the defendant is explained the sentencing he is facing if convicted, which may or may not have a sentencing offer attached to it. It often is used to determine if a defendant is interested in a plea at all." *Id.* In *Donald*, the Arizona Court of Appeals held that a defendant may state a claim for post-conviction relief on the basis that counsel's ineffective assistance led the defendant to make an uninformed decision to reject a plea bargain and proceed to trial. 10 P.3d at 1200.

- 9 -

The undersigned recommends that the Court dismiss the above claims with prejudice.

### D. The Ineffective Assistance of Counsel Claim in Ground Four is Without Merit

In Ground Four of the Amended Petition, Petitioner argues that his defense attorney was constitutionally ineffective because his defense counsel allegedly did not "properly explain and compare the terms of the plea agreement offerer [sic] by the state and sentencing consequences if found guilty after trail [sic]." (Doc. 14 at 12). Pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner arguing an ineffective assistance of counsel ("IAC") claim must establish that his or her counsel's performance was (i) objectively deficient and (ii) prejudiced the petitioner. This is a deferential standard, and "[s]urmounting *Strickland's* high bar is never an easy task." *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Although the performance factor is listed first in *Strickland's* two-part test, a court may consider the prejudice factor first. In addition, a court need not consider both factors if the court determines that a defendant has failed to meet one factor. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998) (a court need not look at both deficiency and prejudice if the habeas petitioner cannot establish one or the other).

Here, other than Petitioner's own self-serving statement, there is no evidence that Petitioner's defense counsel failed to adequately explain to Petitioner the sentencing terms contained in the plea agreements and the possible sentences Petitioner could receive if found guilty after trial. At the change of plea hearing, Petitioner affirmed that his defense counsel explained the plea agreements to Petitioner and answered all of Petitioner's questions. (Doc. 19-1 at 37). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74. The undersigned finds that

Petitioner has failed to satisfy the performance prong of the *Strickland* test. *See Womack v. Del Papa*, 497 F.3d 998, 1004 (9th Cir. 2007) (rejecting habeas petitioner's IAC claim that his counsel failed to discuss potential defenses that could be raised at trial, and stating that "[o]ther than [the petitioner's] own self-serving statement, there is no evidence that his attorney failed to discuss potential defenses with him"). Petitioner also cannot satisfy the prejudice prong for the following reasons.

As mentioned, the trial court explained to Petitioner at the change of plea hearing that under Arizona law, a class three felony is subject to a presumptive term of 3.5 years, a minimum term of 2.5 years, and a maximum term of seven years. (Doc. 19-1 at 36). Petitioner stated that he understood. (*Id.*). Petitioner also confirmed that he "agreed to be sentenced to no less than three and a half years" in each case, with the sentences running concurrently. (*Id.* at 38). Because Petitioner averred that he understood the trial court's explanation of possible sentencing consequences, Petitioner cannot show that he was prejudiced by his defense counsel's alleged failure to explain those consequences. *See United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987) (rejecting a defendant's IAC claim based on his attorney's alleged failure to properly advise him of potential consecutive sentences where the defendant acknowledged at the change of plea hearing the potential for consecutive sentences).

Further, Petitioner does not allege that absent his attorney's allegedly deficient performance, Petitioner would have insisted on going to trial. *See United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990) (a defendant "must allege facts that show prejudice by showing that absent the erroneous advice he would have insisted on going to trial"). Petitioner faced significant prison time if found guilty after trial. At the sentencing hearing, the trial judge stated to Petitioner:

> Sir, your lawyer—and I'm not sure how he did it based upon your record—got you a plea in two different cases to a nondangerous, nonrepetitive felony, despite the fact that you continue to commit crimes.
> . . . .

> But the reality is if the statutes in the State of Arizona were enforced, you'd be found guilty of two counts of possession of marijuana for sale, Class 2 felonies with two priors while on release, on parole in Texas. And the best thing that you would get, the absolute best thing you would get would be [15.75] years. And the State's recommendation is for 5.5 years, which is about a third of what you should be serving.
>
> And not only that, your lawyer was so gifted in terms of his ability to talk he talked him into concurrent sentences.
>
> Quite frankly, in my court, that's a huge benefit. Because I tend to think that when you commit separate crimes, especially like this, you ought to do consecutive sentences.
>
> So had you been found guilty at trial, it wouldn't have been 15.75 years, you'd be looking at more in the neighborhood of 31 to 32 years in the Arizona prisons, then go [] back to Texas.

(Doc. 19-1 at 53-55).

For the above reasons, the undersigned finds that Petitioner has failed to satisfy the two-part *Strickland* test in advancing the IAC claim contained in Ground Four. It is therefore recommended that the Court deny the claim.

### III.  CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Amended Petition (Doc. 14) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to

file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 19th day of September, 2016.

_____
Eileen S. Willett
United States Magistrate Judge