WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devon E. Phillips,<br><br>        Petitioner,<br><br>v.<br><br>State of Arizona, et al.,<br><br>        Respondents. | No. CV-14-02809-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Devon E. Phillips's ("Petitioner") Amended Petition for Habeas Corpus under 28 U.S.C. § 2254, (Doc. 14). The matter has been fully briefed by both parties, and Magistrate Judge Eileen S. Willett filed a Report and Recommendation ("R & R") addressing the merits of the Petitioner's motion. (Doc. 26.) The Petitioner properly filed his objections to the R & R in accordance with the local rules, and the government did not respond. (Doc. 27.) For the following reasons, the Court adopts Magistrate Judge Willett's R & R.

**BACKGROUND**

The September 22, 2016, R & R set forth a detailed summary of the factual and procedural background of this case, to which neither party objected. The Court therefore adopts this synopsis as an accurate recital, but will provide a brief summary here as well.

On June 22, 2010, the Petitioner pled guilty to two counts of attempted possession of marijuana for sale, a class three felony. (Doc. 26 at 2.) The Petitioner was sentenced to two concurrent prison terms of 5.5 years on August 18, 2010. (*Id.*)

On October 6, 2010, Petitioner filed a Notice of and Petition for Post-Conviction Relief ("PCR") in state court. (*Id.*) Appointed counsel could not find a colorable claim, and Petitioner's pro se PCR petition was subsequently denied. (*Id.*) The Arizona Court of Appeals reviewed this petition, but ultimately denied relief. (*Id.*) Petitioner filed an additional habeas petition in the trial court in December of 2012, arguing that the plea agreement was invalid and that he was denied due process. (*Id.*) The trial court denied the petition as an untimely PCR notice, and the Court of Appeals denied relief upon its review. (*Id.*)

Petitioner then turned to the federal court system, instituting this habeas action first through a handwritten document, and then subsequently filing an amended petition, which is currently before the Court. (Doc. 14.)

**DISCUSSION**

**I.     Legal Standard**

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn,* 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Conners v. O'Connor,* 6 F.3d 656, 658 (9th Cir.1993). Any party "may serve and file written objections" to the R & R. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

**II.    Analysis**

The Petitioner specifically objects to three findings made by the Magistrate Judge. First, he objects to her finding that the availability of the June 22, 2010 transcript moots his request for his trial records. (Doc. 27 at 1–2.) Second, he objects to her finding that his plea of guilty was voluntary, because he alleges that the Magistrate Judge erred in finding that the group advisement issued by the trial judge at his sentencing applied to

him.  (*Id.*)  Finally, the Petitioner objects to the Magistrate's findings that he received effective assistance of counsel.  (*Id.*)   The Court agrees with the Magistrate Judge's finding that none of these claims present a colorable federal habeas claim, and therefore adopts the Magistrate Judge's findings dismissing the petition on its merits.  *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005).

The Court adopts the Magistrate Judge's finding that the Petitioner has received the trial transcript from the Respondent, and thus his request for the trial transcript is moot.  Petitioner requests the transcript from the June 22, 2010 Change of Plea Hearing in his Amended Petition. (Doc. 14 at 6.)  The Respondent provided this transcript as an attachment to their Answer to the Amended Petition as "Exhibit G."  (Doc. 19-1 at 30.) The Petitioner's objection alleges that the Respondent "failed to present a record of any admonishments directed personally to Petitioner and the record supplied by Respondent is not that Record." (Doc. 27 at 2.)  It is true that the transcript admonishes the group generally rather than the Petitioner personally, but nonetheless, the Respondent presented the Petitioner with the full transcript of the Change of Plea Hearing that occurred on June 22, 2010, as he requested.  (Doc. 19-1 at 30–59.)  In other words, while the Court appreciates that the Petitioner is further emphasizing that he was never personally addressed during the Change of Plea Hearing, the Respondent cannot present a transcript that does not exist.  The Respondent provided the Petitioner with the full and unedited transcript of the Change of Plea Hearing, as he requested. (*Id.*)  Therefore, his request for a transcript is moot because he was already in receipt of the requested transcript once the Respondent filed its Answer. (Doc. 26 at 3–4.)  This objection is denied.

The Court also adopts the Magistrate Judge's conclusion that the Respondent's guilty plea was voluntary.  (Doc. 26 at 4–6.)  "A plea is voluntary if it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001) (internal quotation and citation omitted).  Furthermore, "[s]tatements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings

attacking the plea." *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008). Petitioner's guilty plea reflected a voluntary choice, as he himself noted during his sworn testimony at the Change of Plea Hearing.[1] (Doc. 19-1 at 38–39.) The Petitioner testified that he understood the consequences of accepting the plea for sentencing purposes, that no one coerced him or threatened him into accepting the plea and he denied any drug or alcohol use prior to arriving in court that morning. (*Id.* at 37.) Furthermore, while the Petitioner now asserts that the group advisement did not apply to him, he conceded that he was present for the advisement and informed the presiding judge that he did not need the advisement repeated to him individually during his Change of Plea hearing. (*Id.* at 36–37.) Therefore, the Court agrees with the Magistrate Judge's finding that the Petitioner failed to present a colorable habeas claim based on the voluntariness of his guilty plea, and that the group advisement did apply to the Petitioner.

Finally, the Court adopts the Magistrate Judge's finding that the Petitioner failed to present a colorable ineffective assistance of counsel claim. The Petitioner asserted that his trial counsel was ineffective because "he failed to properly explain and compare the terms of the plea agreement offere[d] by the state and [the] sentencing consequences if [he was] found guilty at tr[ia]l." (Doc. 14 at 9.) However, the Petitioner testified that he read through the entire plea agreement, and that his attorney explained it to him. (Doc. 19-1 at 37.) The Petitioner also testified that his attorney answered all of his questions regarding the plea agreement as well. (*Id.*) As the Magistrate Judge properly noted, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Because "there is no evidence that his attorney failed to discuss" the ramifications of his plea agreement with him, and the Petitioner's subsequent statement is "completely contrary to his statement in the plea agreement," the Court agrees with the Magistrate Judge that this allegation is without merit. *Womack v. Del*

---

[1] The Trial Court made it a point to note to the Defendant during his sentencing that without this plea agreement, he likely faced decades in prison. (Doc. 19-1 at 55.) Therefore, the plea agreement that he entered into was a very favorable alternative course of action open to the Defendant in this case. *Kaczynski*, 239 F.3d at 1114.

*Papa*, 497 F.3d 998, 1004 (9th Cir. 2007). The Court adopts the Magistrate's finding that in the absence of any evidence beyond the Petitioner's recent allegation to the contrary, the Petitioner failed to present facts sufficient to illustrate that he can satisfy the first prong of the *Strickland* test.[2] *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring both 1) objectively deficient performance by counsel as well as 2) prejudice to establish an ineffective assistance of counsel claim).

## CONCLUSION

For the foregoing reasons, the Court adopts the Magistrate Judge's R & R in its entirety, and the Petitioner's objections are denied.

**IT IS THEREFORE ORDERED:**

1. Magistrate Judge Eileen S. Willett's Report and Recommendation, (Doc. 26), is **ADOPTED**.

2. Petitioner's Amended Petition for Writ of Habeas Corpus, (Doc. 14), is **DENIED and DISMISSED WITH PREJUDICE.**

3. The Clerk of Court shall **TERMINATE** this action and enter judgment accordingly.

4. A certificate of appealability is **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find this assessment debatable or wrong.

Dated this 14th day of March, 2017.

_____
Honorable G. Murray Snow
United States District Judge

---

[2] Although the Petitioner does not specifically object to the finding that he failed to demonstrate prejudice, the Court also reviewed the Magistrate Judge's analysis under the prejudice prong of *Strickland* and finds it well-taken.